## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL-AMEEN I. MAZAHREH, BILLY NUNES DE ALMEIDA, BRIAN SWENSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC. And COALITION OF NEW JERSEY FIREARM OWNERS A NEW JERSEY NONPROFIT CORPORATION, | Civil Action No.: 1:20-cv-17598-RMB-JS |
| Plaintiffs, | |
| v. | **Return Date: March 15, 2021** |
| GURBIR GREWAL, in his official capacity as Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, RICHARD J. MEDER, in his official capacity as Chief of the Medford Township Police Department, MARK P. TARANTINO, in his official capacity as permitting Judge of the Superior Court of New Jersey, Law Division, Burlington County, THOMAS BRYAN, in his official capacity as Chief of the Edison Township Police Department, JOSEPH L. REA, in his official capacity as permitting Judge of the Superior Court of New Jersey, Law Division, Middlesex County, ROBERT BRENNAN, in his official capacity as Chief of the Hopatcong Township Police Department, N. PETER CONFORTI, in his official capacity as permitting Judge of the Superior Court of New Jersey, Law Division, Sussex County, | **BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| Defendants | McMANIMON, SCOTLAND & BAUMANN, LLC 75 Livingston Avenue, Suite 201 Roseland, New Jersey 07068 (973) 622-1800 William W. Northgrave, Esq, Malcolm X. Thorpe, Esq. *Attorneys for Defendant Thomas Bryan* |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES............................................ 3

PRELIMINARY STATEMENT........................................... 5

STATEMENT OF FACTS AND PROCEDURAL HISTORY ..................... 6

LEGAL ARGUMENT................................................. 7

  POINT ONE

    AS TO DEFENDANT THOMAS BRYAN, PLAINTIFFS' FAILED TO EXHAUST
    ALL ADMINISTRATIVE REMEDIES, AND THUS THIS MATTER IS NOT
    RIPE TO BRING SUIT........................................ 7

  POINT TWO

    PLAINTIFFS' COMPLAINT STATES CONCLUSIONS OF LAW AND FAILS TO
    STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.......... 10

CONCLUSION.................................................... 15

4842-9221-3977, v. 1

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Aircraft & Diesel Equip. Corp. v. Hirsch,

    331 U.S. 752, 767 (1947)................................. 7

Ashcroft v. Iqbal,

    556 U.S. 662, 675 (2009)................................ 11

Carney v. Adams,

    141 S. Ct. 493, 498 (2020).............................. 9

Drake v. Filko,

    724 F.3d 426, 428 (3d Cir. 2013)............. 8, 12, 13, 14

Fowler v. UPMC Shadyside,

    578 F.3d 203, 210 (3d Cir. 2009)................... 10, 11

In re Burlington Coat Factory Sec. Litig.,

    114 F.3d 1410, 1426 (3d. Cir. 1997)..................... 10

In re Pantano,

    429 N.J. Super. 478, 481 (App. Div. 2013)............... 13

Markowitz v. Ne. Land Co.,

    906 F.2d 100, 103 (3d Cir. 1990)....................... 12

Phillips v. County of Allegheny,

    515 F.3d 224, 233 (3d Cir. 2008)....................... 10

Piszczatoski v. Filko,

    840 F. Supp. 2d 813, 832 (D.N.J. 2012)................. 14

Roche v. Aetna, Inc.,

    165 F. Supp. 3d 180, 186 (D.N.J. 2016), aff'd, 681 Fed. Appx. 117 (3d Cir. 2017)....................................... 8

4842-9221-3977, v. 1

Santiago v. Warminster Twp.,

    629 F.3d 121, 130 (3d Cir. 2010)......................... 10

Scheuer v. Rhodes,

    416 U.S. 232, 236 (1974). ............................... 12

Woodford v. Ngo,

    548 U.S. 81, 89, (2006)................................. 7


**Statutes**

N.J.S.A. § 2C:58-4(c)............................ 6, 7, 8, 9, 12

N.J.S.A. § 2C:39-5(b)....................................... 12

N.J. Admin. Code 13:54-2.4(d)(1)........................... 13,14


**Rules**

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . .10, 11, 12

Fed. R. Civ. P. 8(a)(2). . . . . . . . . . . . . . . . . . . 10

4842-9221-3977, v. 1

## PRELIMINARY STATEMENT

Defendant, Thomas Bryan, is named as a defendant to Plaintiffs' Complaint in his capacity as the Chief of Police for the Township of Edison. That part of the Complaint which concerns Chief Bryan stem from allegations made by one Billy Nunes De Almeida. The Complaint, as to Chief Bryan, is defective insofar as (1) same fails to state a cognizable claim against Bryan and (2) any fair reding of the pleading makes clear De Almeida failed to exhaust requisite administrative remedies.

In Plaintiffs' Complaint, it is admitted that Plaintiff De Almeida did not apply to Thomas Bryan, the Chief of Police for Edison Township, for a permit to carry a handgun in public. Not only have Plaintiffs failed to apply to the Chief of Police for the Township of Edison, but Plaintiff De Almeida has not plead sufficient facts to show a "justifiable need" to carry a handgun. In Plaintiffs' Complaint, it is admitted that Plaintiff De Almeida does not face any special danger to his life. The courts have already determined that concern for one's safety regarding the protection and transportation of goods did not present a "justifiable need". As a result, this matter must be dismissed as a matter of law.

5

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This matter involves a dispute regarding New Jersey firearm carrying laws as well as Defendants, in their official capacities, "administering and enforcing [New Jersey] laws and regulations governing the carrying of firearms outside the home." Plaintiffs contend that New Jersey statute, N.J.S.A. 2C:58-4(c) is counter to the purpose and intent of the 2nd Amendment[1] of the United States Constitution. (Plaintiffs' Complaint at Paragraphs 2-3, DE#1). Plaintiff Billy Nunes De Almeida ("Plaintiff De Almeida"), is a resident of Edison, New Jersey who wishes to carry firearms outside of his home.

Plaintiff De Almeida, a licensed firearms dealer and instructor, posits that he desires a handgun to carry in public for safety purposes due to him, at times, carrying large quantities of firearms from estate sales. (Plaintiffs' Complaint at Paragraph 45, DE#1). Plaintiff De Almeida, however, did not apply for a permit with Thomas Bryan, Chief of Police for Edison Township, "after being told by the Edison Police Department his application would be denied for lack of a justifiable need." (Plaintiffs' Complaint at Paragraph 46, DE#1). Plaintiff De Almeida by his own

---

[1] "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II.

6

4842-9221-3977, v. 1

admission understands that he does not meet the requirements of N.J.S.A 2C:58-4(c), as no threats or special dangers exist to his life. (Plaintiffs' Complaint at Paragraphs 46-48, DE#1).

Plaintiffs argue that the "justifiable need" requirement in order to obtain a permit to carry a firearm outside the home is essentially a ban on "the people" to "bear arms." (Plaintiffs' Complaint at Paragraphs 61-62, DE#1). However, Plaintiffs concede, that the presiding United States Supreme Court case law weighs in favor of both the State of New Jersey and the Defendants in regard to permit requirements. (Plaintiffs' Complaint at Paragraph 8, DE#1).

## LEGAL ARGUMENT

### POINT I

**AS TO DEFENDANT THOMAS BRYAN, PLAINTIFFS' FAILED TO EXHAUST ALL ADMINISTRATIVE REMEDIES, AND, THUS THIS MATTER IS NOT RIPE TO BRING SUIT**

There is a fundamental concept that administrative remedies should be fully explored before judicial action is sanctioned. Woodford v. Ngo, 548 U.S. 81, 89, (2006). This principle requires exhausting available procedures, that is, "pursuing them to their appropriate conclusion and, correlatively * * * awaiting their final outcome ***before*** seeking judicial intervention." Aircraft & Diesel Equip. Corp. v. Hirsch, 331 U.S. 752, 767 (1947) (emphasis added). Administrative exhaustion is necessary for the

7

following reasons: 1)the rule ensures that claims will be heard, as a preliminary matter, by a body possessing expertise in the area; 2) the rule also allows the parties to create a factual record necessary for meaningful appellate review; and (3) the agency decision may satisfy the parties and thus obviate resort to the courts. Roche v. Aetna, Inc., 165 F. Supp. 3d 180, 186 (D.N.J. 2016), aff'd, 681 Fed. Appx. 117 (3d Cir. 2017).

In the instant matter, the Complaint makes clear De Almeida failed to exhaust all administrative remedies because an application was not filed with, the Edison Township Police Department (let alone with Thomas Bryan, as the Chief of Police in Edison). (Plaintiffs' Complaint at Paragraph 46, DE#1). Under New Jersey's Handgun Permit Law, individuals who desire a permit to carry a handgun in public **_must_** apply to the chief police officer in their municipality or to the superintendent of the state police. N.J.S.A. § 2C:58-4(c). The chief of police or superintendent considers the application in accordance with the following provisions of the Handgun Permit Law:

> No application shall be approved by the chief police officer or the superintendent unless the applicant demonstrates that he is not subject to any of the disabilities set forth in 2C:58-3c. [which includes numerous criminal history, age and mental health requirements], that he is thoroughly familiar with the safe handling and use of handguns, *and that he has a justifiable need to carry a handgun*.

Drake v. Filko, 724 F.3d 426, 428 (3d Cir. 2013). By Plaintiffs own admission, Plaintiff De Almeida did not apply for a permit

8

with the Chief of Police, Thomas Bryan, as the law requires. (Plaintiffs' Complaint at Paragraph 46, DE#1); N.J.S.A. § 2C:58-4(c). Plaintiff De Almeida alleges he was informed[2] not to apply for a permit because it would not be approved, yet, Thomas Bryan, the sole party with power to approve or deny applications was not involved. (Plaintiffs' Complaint at Paragraph 46, DE#1); N.J.S.A. § 2C:58-4(c). Plaintiffs cannot claim that Thomas Bryan is an adverse party for standing purposes when Plaintiffs fail to produce facts that Thomas Bryan did or would have denied the application. See Carney v. Adams, 141 S. Ct. 493, 498 (2020) (A case shall "embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinion"). Plaintiffs have ultimately brought a claim against Thomas Bryan for judicial review seeking this Court's opinion based on actions that were not taken. In other words, Plaintiffs are seeking an advisory opinion. Id. Without Thomas Bryan having the opportunity to review and decide on the fate of Plaintiff De Almeida's permit application, this case is not ripe for the judicial review it seeks. Id.

---

[2] The Complaint is silent as to the specifics of how De Almeida was so "informed". It is unclear as to who so "informed" De Almeida, when he was so "informed", the manner by which he was "informed" or when he was so "informed". The lack of specificity with respect to this aspect of the pleading is suspect.

4842-9221-3977, v. 1

<u>POINT II</u>

**PLAINTIFFS' COMPLAINT STATES CONCLUSIONS OF LAW AND FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

<u>Fed. R. Civ. P.</u> 12(b)(6) requires the dismissal of a complaint which fails to state a claim upon which relief can be granted. To survive a dismissal motion, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." <u>Fed. R. Civ. P.</u> 8(a)(2). When evaluating the sufficiency of a complaint for purposes of a Motion to Dismiss, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. <u>Fowler v. UPMC Shadyside</u>, 578 <u>F.3d</u> 203, 210 (3d Cir. 2009)(quoting <u>Phillips v. County of Allegheny</u>, 515 <u>F.3d</u> 224, 233 (3d Cir. 2008)).[3]

The Third Circuit Court of Appeals has utilized a three-pronged analysis to determine the plausibility of a claim for relief. <u>Santiago v. Warminster Twp.</u>, 629 <u>F.3d</u> 121, 130 (3d Cir. 2010). First, the court must note the required elements that a

---

[3] As a general matter, a District Court ruling on a Motion to Dismiss should not consider matters extraneous to the pleadings. <u>See</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 <u>F.3d</u> 1410, 1426 (3d. Cir. 1997). However, there is an exception to the general rule, which recognizes that matters extraneous to the pleadings can be considered if they are integral to or explicitly relied upon in the complaint without converting the motion to dismiss into one for summary judgment. <u>Id</u>.

plaintiff must plead in order to state a particular claim. Id. (citing Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. (quoting Iqbal, 556 U.S. at 664). Finally, the court should assume the veracity of all well-pleaded facts and determine whether they "plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 679). The determination of plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the facts are sufficient to show that plaintiff has a plausible claim for relief. Fowler, 578 F.3d at 211. This requires more than a mere allegation of an entitlement to relief. Id. Rather, "[a] complaint has to 'show' such an entitlement with its facts." Id. A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. Id. at 210. Facts suggesting only the mere possibility of misconduct by the defendant will fail to show that the plaintiff is entitled to relief and will not withstand a motion to dismiss. Id. at 211.

11

Ultimately, the issue on a Fed. R. Civ. P. 12(b)(6) motion is not whether a plaintiff eventually will prevail, but whether the plaintiff is entitled to offer evidence in support of his or her claims. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). That is, "[d]ismissal under Rule 12(b)(6) . . . is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990). Here, as stated above, Plaintiffs did not apply for a permit to carry a firearm and did not plead sufficient facts to demonstrate why they are entitled to one from Thomas Bryan. Thus, it is certain that no relief could be granted under any set of facts that could be proved by Plaintiffs." Id.

Permits to carry handguns are "the most closely regulated aspect" of New Jersey's gun control laws. Drake v. Filko, 724 F.3d 426, 428 (3d Cir. 2013). Individuals who wish to carry a handgun in public for self-defense must first obtain a license. N.J.S.A. § 2C:39-5(b). The process and standard for obtaining such a license is found in New Jersey's Handgun Permit Law, N.J.S.A. § 2C:58-4. Under New Jersey's Handgun Permit Law, individuals who desire a permit to carry a handgun in public must apply to the chief police officer in their municipality or to the superintendent of the state police. N.J.S.A. § 2C:58-4(c). The chief police officer or superintendent considers the application in accordance with the following provisions of the Handgun Permit Law:

> No application shall be approved by the chief police
> officer or the superintendent unless the applicant
> demonstrates that he is not subject to any of the
> disabilities set forth in 2C:58-3c. [which includes
> numerous criminal history, age and mental health
> requirements], that he is thoroughly familiar with the
> safe handling and use of handguns, and that he has a
> **justifiable need** (emphasis added) to carry a handgun.

Drake, 724 F.3d at 428. The meaning of "justifiable need," as it

appears in this provision, is codified in the New Jersey

Administrative Code as follows:

> [T]he urgent necessity for self-protection, as evidenced
> by specific threats or previous attacks which demonstrate
> a special danger to the applicant's life that cannot be
> avoided by means other than by issuance of a permit to
> carry a handgun.

Id.; N.J. Admin. Code 13:54-2.4(d)(1).

The requirement that applicants demonstrate a "justifiable

need" to publicly carry a handgun for self-defense qualifies as a

"presumptively lawful," "longstanding" regulation and therefore

does not burden conduct within the scope of the Second Amendment's

guarantee. Drake, 724 F.3d at 429. Not only have Plaintiffs failed

to apply to the Chief of Police for the Township of Edison, but

Plaintiff De Almeida has not plead sufficient facts to show a

"justifiable need" to carry a handgun. (Plaintiffs' Complaint at

Paragraphs 43-49, DE#1). In Plaintiffs' Complaint it is admitted

that Plaintiff De Almeida does not face any special danger to his

life. (Plaintiffs' Complaint at Paragraphs 45, DE#1). It is only

13

alleged that Plaintiff De Almeida is concerned for his safety when he occasionally travels though the State of New Jersey to retrieve large collections of firearms from estate sales. (Plaintiffs' Complaint at Paragraphs 45, DE#1). The courts have already determined that concern for one's safety regarding the protection and transportation of goods does not present a "justifiable need". Piszczatoski v. Filko, 840 F. Supp. 2d 813, 832 (D.N.J. 2012), aff'd sub nom. Drake v. Filko, 724 F.3d 426 (3d Cir. 2013); In re Pantano, 429 N.J. Super. 478, 481 (App. Div. 2013)(an applicant, who operated landscape supply business involving cash transactions and who sought permit to protect himself from potential robbery, failed to show justifiable need to carry a firearm; applicant's situation did not "differ materially" from that of other business-owners who carried substantial funds on their persons, often in high crime areas, applicant presented no evidence that his business, which grossed over $12 million a year, could not reasonably afford protective services, and applicant faced no specific threat). Thus, the Court must dismiss this matter as Plaintiffs have failed to show a "justifiable need" to carry a handgun pursuant to N.J. Admin. Code 13:54-2.4(d)(1).

<u>**CONCLUSION**</u>

     For the reasons articulated above, Defendant Thomas Bryan's Motion to Dismiss should be granted; the Complaint should be dismissed in its entirety as to Bryan.

Dated: February 16, 2021     McMANIMON, SCOTLAND & BAUMANN, LLC
                                           *Attorneys for Thomas Bryan*

                                         <u>s/ William W. Northgrave</u>
                                         William W. Northgrave