PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

### State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 112
TRENTON, NJ 08625-0116

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

February 18, 2021

**<u>Via CM/ECF eFile</u>**
Hon. Renée Marie Bumb, U.S.D.J.
Mitchell H. Cohen Courthouse, Courtroom 3D
4th & Cooper Streets
Camden, New Jersey 08101

Re:   *Mazahreh v. Grewal*
       Civil Action No. 1:20-cv-17598-RMB-JS

Dear Judge Bumb:

This office represents Defendants Gurbir S. Grewal, Patrick J. Callahan, Hon. N. Peter Conforti, J.S.C., Hon. Mark P. Tarantino, J.S.C., and Hon. Joseph L. Rea, J.S.C. in the above-referenced matter.

Defendants write to request a pre-motion conference consistent with Section I.A of Your Honor's "Individual Rules and Procedures." Defendants seek to file a partial motion to dismiss all claims against defendant judges Tarantino, Rea, and Conforti based on judicial immunity and all claims for monetary recovery as all defendants are sued in their official capacity, precluding recovery under 42 U.S.C. § 1983. Defendants wish to move pursuant to Rules 12(b)(1) and (6), and intend to file an answer to the remaining claims upon resolution of the motion pursuant to L. Civ. R. 12.2.

First, Defendants will ask the Court to dismiss all claims against Judges Tarantino, Rea, and Conforti, on the basis of absolute judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."



R.J. HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-3232 • FAX: (609) 292-0690
*New Jersey Is An Equal Opportunity Employer* • *Printed on Recycled Paper and Recyclable*

*Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). Judicial immunity applies "even when the judge is accused of acting maliciously and corruptly," *id.* at 554 (citation omitted), and even when the judge is alleged to have engaged in a conspiracy, *see Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980); *Trueman v. City of Chichester*, No. 2:04-cv-05085-CG, 2005 WL 2644995, at *1 (E.D. Pa. Oct. 12, 2005), *aff'd sub nom. Trueman v. City of Upper Chichester*, 289 F. App'x 529 (3d Cir. 2008). Absolute judicial immunity exists "for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson*, 386 U.S. at 554 (citation and internal quotes omitted).

There are only three exceptions to judicial immunity—none of which are applicable here. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (citations omitted). This exception includes "administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Forrester v. White*, 484 U.S. 219, 227 (1988). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12 (citations omitted). This inquiry requires the scope of a judge's jurisdiction to "be construed broadly," since "[a] judge will not be deprived of immunity because the action [they] took was in error, was done maliciously, or was in excess of [their] authority." *Stump v. Sparkman*, 435 *U.S.* 349, 356 (1978). Third, judges do not have immunity if Congress (or a state legislature) expresses a "clear legislative intent" to abrogate such immunity. *Pulliam v. Allen*, 466 U.S. 522, 529 (1984).

Here, Plaintiffs' complaint explicitly identifies the Judges in their official capacities as Judges of the Superior Court of New Jersey, and alleges that they are responsible for reviewing applications in their assigned vicinages for permits to carry handguns once those applications have been approved or denied by the New Jersey State Police or the applicants' municipal police chief. ECF No. 1 ¶¶21, 23, 25. Because these allegations clearly concern actions taken by the Judges in their judicial capacity, they are entitled to absolute immunity and all claims against them must be dismissed with prejudice.

Second, since all Defendants in this lawsuit are being sued exclusively in their official capacities, Plaintiffs' claims for monetary damages against them are barred both because of sovereign immunity and because Defendants are not "persons" amenable to suit under 42 U.S.C. § 1983 ("Section 1983"). For these reasons,

Defendants will argue the Court lacks jurisdiction over Plaintiffs' claims for money damages and must dismiss them pursuant to Rule 12(b)(1).

The Supreme Court has repeatedly explained that sovereign immunity prevents "suits brought in federal courts by [a State's] own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Alden v. Maine*, 527 U.S. 706, 713 (1999) (noting that while the Eleventh Amendment only speaks to actions against a State brought by the citizens of another State, the phrase "Eleventh Amendment immunity" is "something of a misnomer, for the sovereign immunity of the States neither derives from nor is limited by the terms of the Eleventh Amendment"). While the *Ex Parte Young* exception still allows for suits to be filed against state officials in their official capacity for injunctive relief, suits for money damages are always prohibited. *Kentucky v. Graham*, 473 U.S. 159, 169-71 (1985); *see also Waterfront Commission of New York Harbor v. Governor of New Jersey*, 961 F.3d 234, 238-39 (3d Cir. 2020) (explaining that this makes sense because suits for money, even if pled "nominally against an officer," would actually "operate against the sovereign"). Along similar lines, to be liable for money damages under Section 1983, a defendant must be a "person" as defined in that statute. It is black letter law that an official of the State, acting in their official capacity, does not fit within that definition. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Here, Defendants are sued in their official capacities, meaning Plaintiffs' claim for monetary damages, *see* ECF No. 1 ¶64e, is barred by both sovereign immunity and Section 1983.

Thank you for your attention to this matter.

> Respectfully submitted,
>
> GURBIR S. GREWAL
> ATTORNEY GENERAL OF NEW JERSEY
>
> By:  /s/ Bryan Edward Lucas
>       Bryan Edward Lucas
>       Deputy Attorney General

cc:     All Counsel of Record     **(Via CM/ECF eFile)**