**MS&B**  McMANIMON · SCOTLAND · BAUMANN

75 Livingston Avenue, Roseland, New Jersey 07068 (973) 622-1800

Writer's Direct Dial:  973-681-7987
mthorpe@msbnj.com

February 19, 2021

<u>Via Pacer</u>
Honorable Renée Marie Bumb J.S.C
United States District Court
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

    **Re:  <u>Mazahreh *et. al.* v. Grewal *et. al.*
         Docket No. 1:20-cv-17598-RMB-JS</u>**

Judge Bumb:

    This firm represents Defendant Chief Thomas Bryan (hereafter, "Chief Bryan") in the above-referenced matter. We submit this letter to advise that Chief Bryan intends to file a motion to dismiss pursuant to Rule 12(b)(6)[1].  We respectfully request a Pre-Motion Conference pursuant to this Court's judicial preferences. At present it is our understanding that at least one other co-defendant also intends to pursue a 12(b)6 motion.

    We seek the Court's permission to file a Motion to Dismiss pursuant to <u>Fed. R. Civ. P.</u> 12(b)(6) because Plaintiffs' Complaint, as to Chief Bryan, is defective insofar as (1) same fails to state a cognizable claim against Bryan; (2) any fair reading of the pleading makes clear De Almeida failed to exhaust requisite administrative remedies and (3) Bryan is immune from the Section 1983 claim(s)as pled.

    **I.    Plaintiffs Failed to Exhaust all Administrative Remedies as to Defendant Thomas Bryan.**

    There is a fundamental concept that administrative remedies should be fully explored before judicial action is sanctioned. <u>Woodford v. Ngo</u>, 548 <u>U.S.</u> 81, 89, (2006). This principle requires exhausting available procedures, that is, "pursuing them to their appropriate conclusion and, correlatively * * * awaiting their final outcome <u>***before***</u> seeking judicial intervention."

---

[1] Chief Bryan's Motion to Dismiss was initially filed on February 16, 2021 and administratively dismissed on February 18, 2021 for failure to submit a request for a Pre-Motion Conference.

MS&B  McMANIMON · SCOTLAND · BAUMANN

75 Livingston Avenue, Roseland, New Jersey 07068 (973) 622-1800

Aircraft & Diesel Equip. Corp. v. Hirsch, 331 U.S. 752, 767 (1947) (emphasis added).

In the instant matter, the Complaint makes clear De Almeida failed to exhaust all administrative remedies because an application was not filed with, the Edison Township Police Department (let alone with Thomas Bryan, as the Chief of Police in Edison). (Plaintiffs' Complaint at Paragraph 46, DE#1). Under New Jersey's Handgun Permit Law, individuals who desire a permit to carry a handgun in public *must* apply to the chief police officer in their municipality or to the superintendent of the state police. N.J.S.A. § 2C:58-4(c).

By Plaintiffs own admission, Plaintiff De Almeida did not apply for a permit with the Chief Bryan, as the law requires. (Plaintiffs' Complaint at Paragraph 46, DE#1); N.J.S.A. § 2C:58-4(c). Without Chief Bryan having the opportunity to review and decide on the fate of Plaintiff De Almeida's permit application, this case is not ripe for the judicial review it seeks. *See* Carney v. Adams, 141 S. Ct. 493, 498 (2020).

## II. Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can Be Granted.

Ultimately, the issue on a Fed. R. Civ. P. 12(b)(6) motion is not whether a plaintiff eventually will prevail, but whether the plaintiff is entitled to offer evidence in support of his or her claims. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). That is, "[d]ismissal under Rule 12(b)(6) . . . is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).

Not only have Plaintiffs failed to apply to the Chief of Police for the Township of Edison, but Plaintiff De Almeida has not plead sufficient facts to show a "justifiable need" to carry a handgun. (Plaintiffs' Complaint at Paragraphs 43-49, DE#1). It is only alleged that Plaintiff De Almeida is concerned for his safety when he occasionally travels though the State of New Jersey to retrieve large collections of firearms from estate sales. (Plaintiffs' Complaint at Paragraphs 45, DE#1). The courts have already determined that concern for one's safety regarding the protection and transportation of goods does not present a "justifiable need". Piszczatoski v. Filko, 840 F. Supp. 2d 813, 832 (D.N.J. 2012), aff'd sub nom. Drake v. Filko, 724 F.3d 426 (3d Cir. 2013); In re Pantano, 429 N.J. Super. 478, 481 (App. Div. 2013). Thus, the Court must dismiss this matter as Plaintiffs have

4847-8070-0381, v. 1

MS&B   McMANIMON · SCOTLAND · BAUMANN

75 Livingston Avenue, Roseland, New Jersey 07068 (973) 622-1800

failed to show a "justifiable need" to carry a handgun pursuant to N.J. Admin. Code 13:54-2.4(d)(1).

### III. Defendant Thomas Bryan is Entitled to Sovereign Immunity under 42 U.S.C. § 1983

Chief Bryan is being sued exclusively in his official capacity, Plaintiffs' claims for monetary damages against him are barred both because of sovereign immunity and because he is not considered "persons" amenable to suit under 42 U.S.C. § 1983 ("Section 1983"). While the Ex Parte Young exception still allows for suits to be filed against state officials in their official capacity for injunctive relief, suits for money damages are always prohibited. Kentucky v. Graham, 473 U.S. 159, 169-71 (1985); see also Waterfront Commission of New York Harbor v. Governor of New Jersey, 961 F.3d 234, 238-39 (3d Cir. 2020). Here, Chief Bryan is sued in his official capacity, meaning Plaintiffs' claim for monetary damages are barred by both sovereign immunity and Section 1983. (Plaintiffs' Complaint at Paragraph 64, DE#1).

### IV. Conclusion

For the forgoing reasons, Defendant Thomas Bryant respectfully requests the opportunity to file his Motion to Dismiss.

Respectfully submitted,

Malcolm X. Thorpe, Esq.

cc: *All parties via electronic filing*