LAW OFFICES

# HARTMAN & WINNICKI, P.C.

Dariusz M. Winnicki *°
Richard L. Ravin *°□
Daniel L. Schmutter*
Andrew T. Wolfe*

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

\* \* \*

Phone: (201) 967-8040
Fax:    (201) 967-0590

_____

\* New York and New Jersey Bars
\* Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

WEBSITE
www.hartmanwinnicki.com

_____

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

February 26, 2021

**VIA ECF**
Hon. Renee Marie Bumb, U.S.D.J.
Mitchell H. Cohen Courthouse, Courtroom 3D
4th & Cooper Streets
Camden, New Jersey 08101

Re:   **Mazahreh v. Grewal**
       **Civil Action No. 1:20-cv-17598-RMB-JS**

Dear Judge Bumb:

We represent Plaintiffs in the above referenced matter. Please accept this letter in response to the two letters filed by several of the defendants seeking a pre-motion conference.

This is a challenge under 42 U.S.C. §1983 to New Jersey's law governing the carrying of firearms outside the home. Plaintiffs seek declaratory and injunctive relief: (1) a declaration that New Jersey's limitation of the right to carry firearms to those very rare individuals who can demonstrate to licensing officials that they have a "justifiable need" to exercise that right is unconstitutional under the Second and Fourteenth Amendments to the United States Constitution, and (2) an injunction compelling Defendants to refrain from enforcing that invalid limitation.

The Second Amendment to the United States Constitution guarantees "the right of the people to keep and bear Arms." U.S. CONST. amend. II. When the People, by enacting that amendment, enshrined in their fundamental charter the right to "carry weapons in case of confrontation" for the "core lawful purpose of self-defense," *District of Columbia v. Heller*, 554 U.S. 570, 592, 630 (2008), they did not mean to leave the freedom to exercise that right at the mercy of the very government officials whose hands they sought to bind.

The practical effect of New Jersey's "justifiable need" requirement is to make it wholly illegal and subject to extreme punishment, up to 10 years in prison, for typical law-abiding citizens to carry handguns in public—for by definition, these ordinary citizens cannot show that they face a specific, unavoidable threat that poses a special danger to their safety. By depriving the typical citizen of the right to keep and bear arms, the "justifiable need" requirement is unconstitutional.

1.  As an initial matter, please note that Plaintiffs intend to withdraw their claims for monetary damages. Accordingly, the proposed motions of both the State Defendants and Chief Bryan as to the damages claims are no longer relevant.

Hon. Renee Marie Bumb, U.S.D.J.
February 26, 2021
Page -2-

2.  The proposed motion asserting judicial immunity is entirely without merit. The judge Defendants concede that judicial immunity does not apply to nonjudicial actions. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Under N.J.S. 2C:58-4, a permit to carry a handgun can only be issued by a Superior Court judge. The New Jersey Supreme Court has made it clear that the judge's role in issuance of such a permit is administrative, not judicial. In *Siccardi v. State*, 59 N.J. 545 (1971), the Court noted that the Legislature's choice to make Superior Court judges the issuing authorities for such permits was "nonjudicial in nature":

> The legislative designation of the judiciary as the issuing authority was unfortunate for it burdened the Justices with functions which were clearly nonjudicial in nature; indeed the Justices might well have declined the designation as unduly interfering with the proper discharge of their judicial responsibilities.

*Id*. at 553. The judge Defendants are joined in the case so that, as the issuing authorities for the permits at issue, they will be directly bound by any declaratory and injunctive relief obtained in the event Plaintiffs prevail. Accordingly, the proposed motion would necessarily fail.

3.  Chief Bryan's proposed motion to dismiss the claims of Plaintiff Billy Nunes De Almeida for failure to exhaust administrative remedies is also not viable. Mr. De Almeida need not have applied for a permit since such application would have been futile. Futility is one of the well established exceptions to the exhaustion rule. *Houghton v. Shafer*, 392 U.S. 639, 640 (1968); *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007); *Facchiano v. U.S. Dep't of Labor*, 859 F.2d 1163, 1167–68 (3d Cir. 1988).

Mr. De Almeida has pleaded that he *cannot* show the required "justifiable need," and therefore an application submitted by him would necessarily have had to have been denied — which is, of course, the whole point of this lawsuit. Like the other Plaintiffs, Mr. De Almeida cannot show "justifiable need" but also cannot be required to do so under the Constitution.

4.  For this same reason, Chief Bryan's proposed motion to dismiss the claims of Mr. De Almeida for failure to plead that he has "justifiable need" simply misunderstands the claims. Mr. De Almeida's inability to plead that he has "justifiable need" is precisely why he has a constitutional injury for which he is entitled to relief. This proposed motion would also fail.

Notably, no Defendant is proposing a motion to dismiss on the merits of the Second Amendment claim. Accordingly, Plaintiffs intend to immediately move for summary judgment. Importantly, this Court is bound to dismiss the Complaint on the merits under *Drake v. Filko*, 724 F.3d 426 (3d Cir. 2014) which erroneously upheld the "justifiable need" requirement. But because of a contrary decision as to a nearly identical statute in *Wrenn v. District of Columbia*, 864 F.3d 650 (D.C. Cir. 2017), there is a clear circuit split, and therefore this issue is ripe for Supreme Court review. Defendants' proposed motions serve only to delay the expeditious movement of this case on appeal. This Court is bound by *Drake* to dismiss on the merits thereby allowing a prompt

Hon. Renee Marie Bumb, U.S.D.J.
February 26, 2021
Page -2-


appeal to the Third Circuit.  The Third Circuit is also bound by *Drake* and therefore must promptly affirm, thereby setting up review of the circuit split by the Supreme Court.

Respectfully submitted,

s/ Daniel L. Schmutter
DANIEL L. SCHMUTTER

DLS/srs

cc: Bryan Lucas, Esq. (via ECF)
   Grant McGuire, Esq. (via ECF)
   John Gillespie, Esq. (via ECF)
   Malcolm Thorpe, Esq. (via ECF)
   William Northgrave, Esq. (via ECF)