IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL-AMEEN I. MAZAHREH, BILLY NUNES DE ALMEIDA, BRIAN SWENSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., and COALITION OF NEW JERSEY FIREARM OWNERS A NEW JERSEY NONPROFIT CORPORATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>MATTHEW J. PLATKIN, in his official capacity as Acting Attorney General of New Jersey,<br><br>PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police,<br><br>ARTHUR E. WATERMAN, in his official capacity as Chief of the Medford Township Police Department,<br><br>MARK P. TARANTINO, in his official capacity as permitting Judge of the Superior Court of New Jersey, Law Division, Burlington County,<br><br>THOMAS BRYAN, in his official capacity as Chief of Edison Township Police Department,<br><br>JOSEPH L. REA, in his official capacity as permitting Judge of the | CIVIL ACTION NO. 1:20-cv-17598<br><br><br><br><br><br>CONSENT ORDER FOR ENTRY OF FINAL JUDGMENT ENJOINING ENFORCEMENT OF JUSTIFIABLE NEED PROVISION OF N.J.S.A. § 2C:58-4(c) and N.J.A.C. § 13:54-2.4 |

242540v1

Superior Court of New Jersey, Law Division, Middlesex County,

ROBERT BRENNAN, in his official capacity as Chief of the Hopatcong Township Police Department,

N. PETER CONFORTI, in his official capacity as permitting Judge of the Superior Court of New Jersey, Law Division, Sussex County,

            Defendants.

THIS COURT, having considered the Complaint filed by Plaintiffs, and there being no opposition from Defendants, and there being no factual disputes, and the parties having stipulated to the following relief, it is HEREBY ORDERED, ADJUDGED, and DECREED that:

1. Arthur E. Waterman having replaced Richard J. Meder as Chief of Police of Medford Township subsequent to the filing of the Complaint in this matter, Arthur E. Waterman is hereby substituted as a Defendant in the place of Richard J. Meder.

2. The Court declares that under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), the requirements contained in N.J.S.A. § 2C:58-4(c) and N.J.A.C. § 13:54-2.4(d) that applicants for

242540v1

handgun carry permits in the State of New Jersey show a "justifiable need" violate the Second and Fourteenth Amendments to the United States Constitution.

3. The Court therefore enters a **PERMANENT INJUNCTION** as follows:

   a. Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the foregoing are permanently enjoined from requiring applicants for handgun carry permits pursuant to N.J.S.A. 2C:58-4(c) and N.J.A.C. § 13:54-2.4(d) to show a "justifiable need" for doing so.

   b. Defendants, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the foregoing, are permanently enjoined from denying handgun carry permit applications pursuant to N.J.S.A. 2C:58-4(c) and N.J.A.C. § 13:54-2.4(d) on the basis that the applicant lacks a "justifiable need" for the handgun carry permit.

   c. Insofar as N.J.S.A. § 2C:58-4(c) and N.J.A.C. § 13:54-2.4(d) or any other form, procedure, or provision of New Jersey law require applicants for handgun carry permits in the State of New Jersey to show a "justifiable need" to obtain a handgun carry permit, those provisions are null and void.

242540v1

    d. This permanent injunction shall take effect as of the date of this Order.

    e. The Clerk of Court is directed to enter a final judgment in accordance with this Order.

    f. This Order and final judgment of this Court do not apply to any other requirement applicants for handgun carry permits in the State of New Jersey must meet pursuant to N.J.S.A. § 2C:58-4, N.J.A.C. § 13:54-2.4, or other regulations and application forms adopted pursuant to those authorities.

4. Plaintiff Mazahreh has provided any updated information necessary to have his previous handgun carry permit application re-reviewed and such application shall be either granted or denied by Defendant Waterman within 30 days of the entry of this order. Mazahreh shall not be required to submit an entirely new application, and as a result the State shall not require a fee. Mazahreh shall be deemed to have satisfied the requirements of N.J.S. § 2C:58-4 that the application "be indorsed by three reputable persons who have known the applicant for at least 3 years preceding the date of application" and that "he is thoroughly familiar with the safe handling and use of handguns."

5. Plaintiff Mazahreh shall have his handgun carry permit application, which shall have been granted or denied pursuant to paragraph 4, reviewed and

242540v1

decided by the Superior Court, Law Division – Burlington Vicinage, within 30 days of the grant or denial of the application by Chief Waterman.

6. Pursuant to the within Order, Plaintiffs are prevailing parties under 42 U.S.C. § 1988(b) and are therefore entitled to reasonable attorney's fees and costs. Defendants reserve all rights with respect to allocation of said fees and costs. Notwithstanding Federal Rule of Civil Procedure 54, Plaintiffs may apply for an award of counsel fees and costs at any time within 90 days of the date of the entry of this judgment.

**SO ORDERED.**

**SO ORDERED this** 12th **day of** October **20** 22

_____
Renée Marie Bumb
**United States District Judge**

We agree to the form and entry of this Order:

HARTMAN & WINNICKI, P.C.
Attorneys for Plaintiffs

/s/ Daniel L. Schmutter
By: Daniel L. Schmutter

242540v1

MATTHEW PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

_____
By: Daniel M. Vannella
Assistant Attorney General


PARKER McCAY P.A.
Attorneys for Defendant,
Arthur E. Waterman, in his official capacity as
Chief of the Medford Township Police
Department

_____
By: John C. Gillespie


RAINONE COUGHLIN MINCHELLO, LLC
Attorneys for Defendant
Thomas Bryan, in his official capacity as
Chief of the Edison Township Police Department

*/s/ Matthew R. Tavares*

By: Matthew R. Tavares


SCHENCK, PRICE, SMITH & KING, LLP
Attorneys for Defendant
Robert Brennan, in his official capacity as
Chief of the Hopatcong Township Police Department

_____
By: Valerie A. Vladyka

242540v1

MATTHEW PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

/s/ Daniel M. Vannella
By: Daniel M. Vannella
Assistant Attorney General


PARKER McCAY P.A.
Attorneys for Defendant,
Arthur E. Waterman, in his official capacity as
Chief of the Medford Township Police
Department

_____
By: John C. Gillespie


RAINONE COUGHLIN MINCHELLO, LLC
Attorneys for Defendant
Thomas Bryan, in his official capacity as
Chief of the Edison Township Police Department

_____
By: Matthew R. Tavares


SCHENCK, PRICE, SMITH & KING, LLP
Attorneys for Defendant
Robert Brennan, in his official capacity as
Chief of the Hopatcong Township Police Department

_____
By: Valerie A. Vladyka

MATTHEW PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

---

By: Daniel M. Vannella
Assistant Attorney General


PARKER McCAY P.A.
Attorneys for Defendant,
Arthur E. Waterman, in his official capacity as
Chief of the Medford Township Police
Department

By: John C. Gillespie


RAINONE COUGHLIN MINCHELLO, LLC
Attorneys for Defendant
Thomas Bryan, in his official capacity as
Chief of the Edison Township Police Department

---

By: Matthew R. Tavares


SCHENCK, PRICE, SMITH & KING, LLP
Attorneys for Defendant
Robert Brennan, in his official capacity as
Chief of the Hopatcong Township Police Department

---

By: Valerie A. Vladyka

MATTHEW PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

_____
By: Daniel M. Vannella
Assistant Attorney General


PARKER McCAY P.A.
Attorneys for Defendant,
Arthur E. Waterman, in his official capacity as
Chief of the Medford Township Police
Department

_____
By: John C. Gillespie


RAINONE COUGHLIN MINCHELLO, LLC
Attorneys for Defendant
Thomas Bryan, in his official capacity as
Chief of the Edison Township Police Department

_____
By: Matthew R. Tavares


SCHENCK, PRICE, SMITH & KING, LLP
Attorneys for Defendant
Robert Brennan, in his official capacity as
Chief of the Hopatcong Township Police Department

*Valerie A Vladyka*
By: Valerie A. Vladyka